# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLA KATZENKO and FRIDA COHEN,<br><br>Plaintiffs,<br><br>v.<br><br>BIZEBOL DESIRAL, *et al.*,<br><br>Defendants. | Docket No.: 18-cv-13179<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Plaintiffs Alla Katsenko's and Frida Cohen's motion to remand and for fees, costs, and expenses. ECF No. 5. For the reasons set forth below, the motion is **GRANTED**.

## I.  PROCEDURAL HISTORY

New York residents Alla Katesenko and Frida Cohen ("Plaintiffs") filed suit against Bizebol Desiral and Avrio Logistics, Inc. (the "New Jersey Defendants") in New Jersey Superior Court. Compl., ECF No. 1, Ex. A. By consent of the parties, Superior Court Judge James P. Wilson ordered that Owen Truckman, Inc. ("Owen") "be added as a Defendant to this Action." Mot. to Remand, ECF No. 5, Ex. E. On June 29, 2018, Plaintiffs amended the complaint by adding Owen—a New York corporation. *Id.*, Ex. F ¶ 8, Ex. J. On August 24 (before Owen was served), the New Jersey Defendants filed a Notice of Removal (the "Notice") asserting that the parties were "completely diverse," but failing to mention Owen. Notice ¶ 3, ECF No. 1. Plaintiffs moved to remand. ECF No. 5.

## II.  DISCUSSION

### A.  Remand Is Warranted Because the Parties Are Not Completely Diverse

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant[s]." 28 U.S.C. § 1441(a). In determining whether an action should be remanded, "the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Roberts v. Newell Brands, Inc.*, No. 2:18-cv-11925, 2018 WL 4215008, at *1 (D.N.J. Sept. 4, 2018) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

The Amended Complaint at the time of the Notice included Owen, a New York corporation. *See* Mot. to Remand, ECF No. 5, Ex. F ¶ 8. As Plaintiffs are from New York,

the parties were not completely diverse at the time of removal. *Id.* ¶¶ 1-2. Therefore, this Court does not have original jurisdiction and the action will be remanded. *See In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (requiring complete diversity).

### B. Plaintiffs Are Entitled to Fees, Costs, and Expenses

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts award fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The New Jersey Defendants lacked an objectively reasonable basis for removal. Besides the inaccurate assertion that Owen was not a party at the time of removal, the New Jersey Defendants provided no legitimate basis for seeking removal. Leader Aff. ¶ 6, ECF No. 7. Instead, they ignored Judge Wilson's order, the Amended Complaint, and the applicable law. *See* Mot. to Remand, ECF No. 5, Exs. E, F; 28 U.S.C. §§ 1332, 1446(b). While not argued by Plaintiffs, the Forum Defendant Rule also precluded the New Jersey Defendants from removing the action.[1] *See* 28 U.S.C. § 1441(b)(2); N.J. Ct. R. 4:4-6; Mot. to Remand, ECF No. 5, Ex. B. As two separate rules precluded removal, the Court will award fees, costs, and expenses.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand and for fees, costs, and expenses is **GRANTED**. An appropriate order follows.

*/S/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 18, 2018**

---

[1] The Court is also troubled by Defense Counsel's sworn statement that "plaintiff's counsel has not requested any costs and fees." Leader Aff. ¶ 9, ECF No. 7. In fact, Plaintiffs noted that "28 U.S.C. § 1447(c) permits this Court to assess and require payment of just costs and any actual expenses, including attorney fees . . . [and] respectfully requested that this [C]ourt do so." Mot. to Remand at 8, ECF No. 5.